IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ABDUL-HASIB AL-MUSAWWIR, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:21-cv-00060 |
| | ) | |
| v. | ) | |
| | ) | |
| HAROLD W. CLARKE, et al., | ) | By: Michael F. Urbanski |
|     Defendants. | ) | Chief United States District Judge |

**MEMORANDUM OPINION**

Abdul-Hasib Al-Musawwir, a Virginia inmate proceeding pro se, commenced this civil action under 42 U.S.C. § 1983. His complaint names five defendants: Harold Clarke, who is the Director of the Virginia Department of Corrections, and four employees at River North Correctional Center who were involved in the disciplinary conviction that is the focus of Al-Musawwir's complaint. See generally Compl., ECF No. 1.

Under 28 U.S.C. § 1915A(a), the court must conduct an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." See also 28 U.S.C. § 1915(e)(2) (requiring court, in a case where plaintiff is proceeding in forma pauperis, to dismiss the case if it is frivolous or fails to state a claim on which relief may be granted). Pleadings of self-represented litigants are given a liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). Liberal construction does not mean, however, that the court can ignore a clear failure in pleadings to allege facts setting forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387, 391 (4th Cir. 1990). Applying these standards to Al-Musawwir's complaint, the court concludes that it is subject to dismissal pursuant to § 1915A(b)(1), as discussed in more detail below. Furthermore,

nothing about his allegations suggest that an opportunity to amend would cure the deficiencies in his complaint. Accordingly, the court will dismiss this action with prejudice.

## I. BACKGROUND

In August 2020, Al-Musawwir was accused of passing a note to a female staff member and was placed in administrative segregation while the charge was being investigated.[1] Although he now denies engaging in the conduct, he pled guilty to the disciplinary charge. He explains that when defendant Murray came to serve him with the charge, Murray began to read the charge in a "very loud high-pitched voice" so that other inmates in the pod would hear the nature of the charge. He claims that Murray did this to embarrass him.

In an attempt to stop Murray from reading the charge, which was "infuriating" him, Al-Musawwir "accepted the plea" before Murray "beg[a]n to read it." Id. at 9. He now complains, however, that he was not advised of his right to remain silent and was not permitted to withdraw his plea, which he believes is "unfair treatment." Id. The disciplinary report attached to his complaint reflects that he accepted a penalty offer of 30 days loss of commissary.

As a result of the disciplinary charge, however, he explains that he lost his job as a teacher's aide, was removed from a computer class, and removed from the "Shared Allied Management Program" and pod. It also prevented him from transferring to a level-3 security facility, a transfer he had "waited for . . . twenty years" to obtain. Id. at 8.

The complaint contains two claims. In the first, Al-Musawwir claims that his placement in pre-hearing detention for twenty-two days, ordered by defendants White and Dowell, was

---

[1] According to the disciplinary report al-Musawwir attached to the complaint, the charge alleged that "Nurse Waller was given a note from offender A. Al-[M]usawwir" that included statements such as: (1) "I can't take a chance of leaving here without knowing if I could have you in my life or not."; (2) "You need a man in your life that will protect you and your delicate heart. If you give me the opportunity to be that man I promise you will never experience that pain again."; and (3) "I'm in love with you." ECF No. 1-2, at 15–16.

improper. He asserts that he has been incarcerated for almost twenty-three years and has never been considered a threat to any person or security, nor does he have any history of any involvement with any female staff member. As a result, he claims that there was no need for pre-hearing detention. He thus contends that the pre-hearing detention violated his rights to equal protection and constituted an Eighth Amendment violation.

He further alleges that the pre-hearing detention was "of a discriminatory nature and was done with malicious intent" and deprived him of "life and liberty without due process of law." Compl. 7. He alleges that he "believe[s] that he was treated [differently] because the staff member that the alleged note was passed to is a young, Caucasian woman" and he is "a Person of Color and a Muslim." Id. at 7–8, 11. He suggests that the incident is an "example of the systemic racism" at River North. Id. at 7–8.

In what he calls his second claim, he challenges various procedural aspects of the proceeding against him, including the lack of an adequate investigation, an inability for him to withdraw his plea, and a denial of evidence he requested, including witness statements and a copy of the alleged note.

## II. DISCUSSION

"To state a claim under § 1983[,] a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." Loftus v. Bobzien, 848 F.3d 278, 284–85 (4th Cir. 2017) (internal quotation marks omitted). The court construes Al-Musawwir's complaint as alleging an Eighth Amendment violation, a violation of the Due Process Clause of the Fourteenth Amendment, and a violation of the Equal Protection Clause, and addresses each in turn.

### A. Eighth Amendment Claim

Al-Musawwir asserts that his Eighth Amendment rights were violated, but the allegations in his complaint are inadequate to state such a claim.[2] The Eighth Amendment protects prisoners from cruel and unusual living conditions. Rhodes v. Chapman, 452 U.S. 337, 347 (1981). But "the Constitution does not mandate comfortable prisons," id. at 349, and conditions that are "restrictive and even harsh . . . are part of the penalty that criminal offenders pay for their offenses against society." Id. at 347. To sustain an unconstitutional conditions claim, a prisoner must show that: (1) objectively, the deprivation was sufficiently serious, in that the challenged, official acts caused denial of "the minimal civilized measure of life's necessities"; and (2) subjectively, the defendant prison officials acted with " 'deliberate indifference' to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citations omitted). To establish the first element, the prisoner must show "significant physical or emotional harm, or a grave risk of such harm," resulting from the challenged conditions. Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995).

Al-Musawwir claims that he was affected emotionally by the events alleged in his complaint, but he has not identified an objectively serious condition creating significant physical or emotional harm, or a grave risk of such harm. See id. Any Eighth Amendment claim fails.

### B. Due Process Claim

Al-Musawwir also asserts a violation of his Fourteenth Amendment right to due process, but he has failed to state facts giving rise to a constitutional violation. To state a violation of due

---

[2] To the extent plaintiff's claim is that it was "cruel and unnecessary" for him even to be placed in segregation, that is better construed as a substantive due process claim and is subsumed in the court's due process analysis.

4

process, a § 1983 plaintiff must first "identify a protected liberty or property interest" of which he was deprived. Prieto v. Clarke, 780 F.3d 245, 248 (4th Cir. 2015). To do so, he must show "(1) denial of an interest that can arise either from the Constitution itself or from state laws or policies, and that (2) this denial imposed on him an atypical and significant hardship . . . in relation to the ordinary incidents of prison life." Id. at 251.

Disciplinary segregation, however, generally does not present the type of atypical, significant deprivation that would give rise to a protected liberty interest. Sandin v. Conner, 515 U.S. 472, 484 (1995) (holding that a thirty-day placement in administrative segregation did not create a liberty interest). The Fourth Circuit has recognized that extended, indefinite stays in extremely restrictive environments might be sufficient to create a liberty interest. Incumaa v. Stirling, 791 F.3d 517, 531–31 (4th Cir. 2015). Here, though, Al-Musawwir states that he was placed in prehearing segregation for 22 days. Even if the environment was extremely restrictive, that is less time than the plaintiff in Sandin spent in segregation. Neither that temporary placement, nor the later suspension of his commissary privileges for thirty days, triggered a constitutionally protected liberty or property interest. Prieto, 780 F.3d at 248; Malchi v. Thaler, 211 F.3d 953, 958 (5th Cir. 2000) (explaining that a 30-day loss of commissary privileges "clearly" did "not implicate due process concerns"); Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991) (reasoning that the denial of privileges is a matter "which every prisoner can anticipate are contemplated by his original sentence to prison" and does not trigger due process protections). The same is true of the collateral consequences of his disciplinary conviction, such as the loss of his prison job. See Alley v. Angelone, 962 F. Supp. 827, 834 (E.D. Va. 1997) (holding that a prisoner did not have a protected interest in continued prison employment). Because no constitutionally protected liberty or property interest was involved in these events, no

5

constitutional due process violation can stem from the proceedings that resulted in them, even if there were procedural deficiencies. For this reason, his due process claims fail as a matter of law.

### C. Equal Protection Claim

To the extent that Al-Musawwir's allegations of differential treatment are intended to assert a claim that his rights under the Equal Protection Clause were violated, his allegations are wholly inadequate to state such a claim.

The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. It thus directs that "all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1982). To establish an equal protection violation, a plaintiff "must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination"; once this showing is made, "the court proceeds to determine whether the disparity in treatment can be justified under the requisite level of scrutiny." Veney v. Wyche, 293 F.3d 726, 730–31 (4th Cir. 2002) (citations omitted).

Although Al-Musawwir summarily states that he believes he was treated differently because of his race and religion, he points to no other similarly situated offender who was treated differently. He also fails to set forth any facts supporting his conclusory assertion that his treatment was harsher because of his race and religion, merely pointing to the fact that the staff member to whom the note was passed was a white woman. This is insufficient to adequately state a claim, however. Instead, to succeed on an equal protection claim, a plaintiff must set forth "specific, non-conclusory factual allegations that establish improper motive." Williams v.

6

Hansen, 326 F.3d 569, 584 (4th Cir. 2003). "[M]ere conclusory assertions" of discriminatory intent are insufficient, id., and that is all that Al-Musawwir offers. Accordingly, his complaint fails to state an equal protection claim, too.

## **CONCLUSION**

For the foregoing reasons, the court will summarily dismiss this action pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim upon which relief can be granted.

An appropriate order will be entered.

Entered: March 31, 2021

Michael F. Urbanski
Chief U.S. District Judge
2021.03.31 15:18:40 -04'00'

Michael F. Urbanski
Chief United States District Judge